WILLIAM G. CLARK, Respondent; *v.* MYRON TICKNOR *et al.,* Appellants.

1. *Landlord and tenant — State constitution — Military seizure — U. S. constitution — U. S. statute of limitation.*—Section 4, art. XI, of the State constitution cannot be interposed to protect a tenant from payment of money due his landlord, although the money so due had been seized in the hands of the tenant by military authorities, to satisfy an assessment against the landlord for disloyalty. In so far as it protects the tenant from payment of his rent, in such case, it impairs the obligation of his contract with his landlord, and is null and void. But if the action by the landlord is not brought till more than two years have elapsed after the commission of the trespass, the Congressional statute of limitation (12 U. S. Stat. at Large, 757) will constitute a sufficient defense.

*Appeal from St. Louis Circuit Court.*

*Geo. P. Strong,* for appellants.

I. Under his general power as military commander of this district, General Schofield, in the emergency which existed, had the power to seize these rents and appropriate them to the public use. The necessity was apparent, and is admitted by the demurrer. The payment by defendant under this order, and under the compulsion of force, was a discharge of the obligation of his case.

II. The act of Congress of March, 1862, is applicable to such a case, and both in its letter and spirit embraces it, and protects both the officer who seized the rents and the tenant from whom they were seized from an action to recover them. Plaintiff can not recover such property or effects thus taken, either by a direct action, or indirectly by an action upon the covenants of his case. (16 How. 164.)

III. The constitution of Missouri is also applicable, and protects both the officer and the party paying the rents.

IV. The statute of limitations pleaded is a bar.

*Glover & Shepley*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff commenced his action against the defendants upon the covenants of a lease, alleging that he executed a lease to defendants, dated on the 1st day of February, 1859, for the term of five years, at an annual rent of $3,000, payable monthly; that defendant went into possession of the leased premises, and still holds them, and that he had not paid the rent reserved in the lease for the months of September and October, 1862; wherefore he asked judgment for the same. To this petition the defendants set up five several pleas as a defense, the substance of which was that in 1861 a flagrant rebellion existed in Missouri, and that subsequently martial law prevailed; that General John M. Schofield, commanding the department of Missouri, finding it necessary to raise money to put down the said rebellion, did seize and appropriate the said rents for the two months mentioned, and compelled the defendants by overpowering force to pay the same to the military authorities; they, therefore, pleaded in bar of the action the eleventh article of the State constitution, section 4, and the act of Congress of March 3, 1863 (12 U. S. Stat. at Large, 757). A demurrer was interposed to the answer and sustained by the court, and final judgment was rendered thereon. The defendants appeal to this court. It is impossible to distinguish this case from that of The State, to use of Judge, v. Gatzweiler *et al., ante*, p. 17. The defendant in that case, as in this, was forced to pay the money rightfully belonging to another person by the direction and command of overpowering military authority. I have no hesitation in saying that upon no legal principle could the general exercising military authority violate the contract entered into between the plaintiff and defendants, and compel the transfer and payment of the plaintiff's money to any other person. But it was done by sheer force of military power, and the defendants were under the neces-

10—VOL. XLIX.

sity of yielding obedience to what they could not resist. This brings them within the reasoning and decision of the case referred to, and as the action was not brought till long after two years had elapsed from the time of committing the alleged trespass or wrong, the statute of limitations constitutes a full and sufficient defense. The judgment must therefore be reversed. The other judges concur.